Satinderpal SINGH, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–71461.
Agency No. A75–306–564.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 13, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony Nwosu, Law Offices of Anthony Nwosu, Emeryville, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Anthony W. Norwood, Don G. Scroggin, U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM***

Satinderpal Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination, based on inconsistencies regarding Singh's alleged arrests and his involvement in Sikh politics. *See Singh v. Ashcroft*, 367 F.3d

1139, 1134 (9th Cir.2004); *Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir. 1999). The record does not compel the opposite result. *See Elias–Zacarias*, 502 U.S. at 483–84.

■ Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ We do not consider Singh's Convention Against Torture claim because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

***This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

